**KINNISON et al. v. WALL.**

No. 4443.

Court of Appeal of Louisiana.   Second Circuit.

March 6, 1933.

John B. Files, of Shreveport, for appellants.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellee.

DREW, Judge.

Plaintiffs instituted a petitory action against defendant, claiming to be the owners of an undivided one-half interest in and to the S. W. ¼ of N. E. ¼, section 33, township 23 north, range 16 west, Caddo parish, La. They allege a chain of title from themselves back to the United States government, and allege that defendant is in possession of the property, has occupied it more than one year, and refuses to recognize petitioners' ownership of the undivided one-half interest.

Defendant filed several exceptions, which were overruled and which are not before us. The defendant set up, by special plea and in answer, the plea of prescription of ten years acquirendi causa. The lower court sustained the plea of prescription and rejected the demands of plaintiffs; and from this judgment they have appealed.

We will first discuss the evidence in the record, and then the evidence offered by plaintiffs and disallowed. The record as made up discloses a chain of title to defendant from Troy Festervand on January 3, 1914, through the following persons: W. I. Williams from Troy Festervand, January 3, 1914, by sheriff's sale; W. I. Williams to T. H. Festervand, January 3, 1914; T. H. Festervand to W. I. Williams, January 20, 1917; W. I. Williams to Clarence W. Wall, December 5, 1919.

In this deed, the property was misdescribed, and on May 4, 1920, a correction deed from W. I. Williams to Clarence W. Wall was executed, covering the property in dispute. The above related deeds were translative of property and regular in form.

The oral evidence clearly discloses that defendant has been in actual, physical, undisputed possession of this land and living on it under a just title and in good faith from May 4, 1920, until the filing of this suit on June 8, 1931, and that his predecessors in title had actually and physically occupied and cultivated the land, which was under fence, since 1914. There is no evidence of bad faith shown on the part of defendant or of his authors in title—to the contrary, good faith is shown. Bad faith is never presumed and must be proved. On the record as made up, the plea of prescription of ten years acquirendi causa, filed by defendant, is clearly good and was properly sustained.

Plaintiffs offered photostatic copies of the homestead entries from the United States gov-

ernment, together with the proof thereof by R. F. Festervand, and the acquisition of title by R. F. Festervand from the United States government to the S. W. ¼ of N. E. ¼, section 33, township 23 north, range 16 west, Caddo parish, La. Plaintiffs then attempted to prove their title by offering the deeds making up the chain. There were various objections and rulings of the court which we will quote from the record as follows:

"Mr. Files: I next offer in evidence deed for an undivided one-half interest in this property from Mary A. Daniels to Ben T. Stith. Book 170, page 729, conveying an undivided one-half interest in the S. W. ¼ of the N. E. ¼, with leave to substitute certified copy.

"Mr. O'Quinn: Before that is allowed I ask that the original be produced.

"The Court: He is offering it with leave to substitute certified copy.

"Mr. O'Quinn: That is the point, he has neither the certified copy nor the original in court and I demand that he produce the original or the certified copy at the time he makes his offering. [At this point a lengthy off-the-record argument took place.]

"The Court: Well, I am going to rule that you can make your offerings now with the understanding that you shall tender them to counsel before the completion of the case. In other words, you can make your offerings with leave to substitute certified copies and if you tender them to counsel before the case is closed it will be all right.

"Mr. O'Quinn: We reserve a bill to the ruling of the court because that isn't our understanding of the law. [Whereupon another lengthy argument took place between counsel.]

"The Court: Well, the objection is sustained unless the copies are tendered before plaintiff concludes his case. [Note: When filed the last offering should be marked P3 for identification.]

"Mr. Files: B. T. Stith to Pearl Smith and W. T. Bell, Conveyance Book 274, page 251, conveying a one-half interest in the S. W. ¼ of the N. E. ¼, section 33, township 23, range 16.

"Mr. O'Quinn: Same objection.

"The Court: Same ruling.

"Mr. O'Quinn: I would like to have my objection made general to apply to all of plaintiffs' offerings made and to be made.

"The Court: Let the objection and ruling be made general. [Note: When filed the last offering should be marked P4 for identification.]

"Mr. Files: Next Ben T. Stith to H. A. Kinnison, conveying an interest in this property, recorded in Conveyance Book 291, page 440. [Note: When filed the last offering should be marked P5 for identification.]

"Mr. Files: Oil and gas lease from Ben T. Stith, covering the property involved in this case, to D. L. Perkins.

"Mr. O'Quinn: That is objected to as being totally irrelevant and immaterial.

"The Court: The objection goes to the effect. I overruled it.

"Mr. O'Quinn: Note a bill to the ruling.

"Mr. Files: That is Book 273, page 649. [Note: When filed the last offering should be marked P6 for identification.]"

Plaintiffs then offered one witness to prove the death of R. F. Festervand; that he left a widow and one child, a girl, born of their marriage, which was the second marriage of R. F. Festervand. Plaintiffs rested at this point, and, after defendant had concluded his testimony, plaintiffs made the following offerings, together with the objections of defendant and the ruling of the court, as follows:

"Mr. Files: I now offer in evidence the originals of these documents that I offered.

"The Court: Well, you can't file these.

"Mr. Files: I offer the original instruments with leave to substitute copies.

"Mr. O'Quinn: I think it is too late to introduce these but suppose we give him two days to substitute the certified copies.

"The Court: You can make the offerings by reference and if there is no objection on the part of the defendant the time for filing substituted certified copies will be made in a reasonable time. [At this point a lengthy discussion off the record took place.]

"The Court: If you don't put them in now I will make the time three days within which to get them and put them in, three days from this date that the certified copies shall be put in and if they are in all right and if not they won't be put in.

"Mr. Files: I except to the ruling of the court and now tender the original documents.

"The Court: If you are going to except to the ruling of the court I will give you something to except to. I was trying to help you but if you don't like it I'll cut them out entirely.

"Mr. Files: I am tendering the original documents, offering them in evidence right now.

"Mr. O'Quinn: He is now offering the original documents. I object for the reason this is not in rebuttal, the plaintiff having closed his case and the defendant having put on all of his case.

"Mr. Files: If the court please, there was an understanding when the closing was made that I would get these documents and that they could be put in before the case was closed. I have them and I am offering them according to the agreement.

"The Court: There was an understanding

that they could be put in at any time when the case was open and the offering not having been made before it was closed the objection is sustained.

"Mr. Files: I except to the ruling of the court. I offer in evidence the original document from Ben T. Stith to H. A. Kinnison, of date September 13, 1930, recorded in Conveyance records of Caddo Parish, Louisiana, with leave to substitute certified copy.

"Mr. O'Quinn: That is objected to as not being in rebuttal.

"The Court: Objection sustained.

"Mr. Files: I except. I offer in evidence original instrument from W. I. Williams to C. W. Wall of the property described in this litigation with leave to substitute certified copy.

"Mr. O'Quinn: Objected to as not being in rebuttal and for the further reason that the certified copy is not tendered.

"The Court: Objection sustained.

"Mr. Files: I except. I offer in evidence original instrument of date July 1, 1922, with leave to substitute certified copy.

"Mr. O'Quinn: Same objection.

"The Court: Same ruling.

"Mr. Files: I except. I offer in evidence original instrument from Ben T. Stith, trustee, to Mrs. Pearl Smith and W. P. Bell on the property in controversy, of date December 8, 1928.

"Mr. O'Quinn: Objected to as not in rebuttal.

"The Court: Objection sustained.

"Mr. Files: I except. I offer in evidence co-lessors' agreement from Ben T. Stith, trustee, to D. L. Perkins, for the property described therein.

"Mr. O'Quinn: That is objected to as not in rebuttal and for the further reason it is irrelevant and immaterial.

"The Court: Both objections are sustained.

"Mr. Files: I except. I offer in evidence original instrument from Mary A. Daniels, a widow woman, and former wife of R. F. Festervand, Sr., a resident of Oil City, Caddo parish, Louisiana, to Ben T. Stith, resident of Vivian, Louisiana, undivided one-half interest in this property, of date February 7, 1924, with leave to substitute certified copy.

"Mr. O'Quinn: Objected to as not in rebuttal.

"The Court: Objection sustained. The court will state in connection with his ruling that all of these offerings were made and leave asked to substitute certified copies, which leave was granted by the court and the leave granted by the court was not taken advantage of, so I am sustaining the objections.

"Mr. Files: I except to the ruling of the court on that last one and I state for the record that I do not take the position that the original should go into the record but I do take the position that the original must be offered with leave to substitute certified copy and I still contend under the previous ruling of the court and under the law I have the right to put in certified copies. I have not changed my position one whit from what it has always been.

"The Court: And the position of the court is that if you put in certified copies they must be tendered at the time they are offered, or if the court grants time there must be some reasonable time within which the record shall be completed and you did not see fit to take advantage of the reasonable time I offered to give you so I am not going to grant you any.

"Mr. Files: I have made the offerings and I except to the ruling of the court and all statements the court has made.

"The Court: All right. Is that all?

"Mr. Files: No, I have a witness in rebuttal.

"J. P. Smith, called by counsel for plaintiff as a witness, after first being duly sworn, testified as follows."

Plaintiffs offered the testimony of a witness, J. P. Smith, to the effect that there was no fence on the south side of the forty acres involved in this suit, and, in connection with the testimony of this witness, plaintiffs made the following offerings, which were objected to and ruled upon by the court as follows:

"Q. Since your wife acquired an interest in it did she make a mineral lease of this property to D. L. Perkins?

"Mr. O'Quinn: That is objected to as not constituting the best evidence, further that it is irrelevant and immaterial.

"The Court: The lease itself would be the best evidence but this is not offered to prove the lease but to prove acts of exercising ownership. I guess that is what you are offering it for?

"Mr. Files: I offer it for all purposes.

"The Court: Then the objection is sustained.

"Offering.

"Mr. Files: I except to the ruling. I have the original lease now and I offer it in evidence.

"Mr. O'Quinn: That is objected to because there is no offering made at all. I object to it unless there is a certified copy ready to be placed in the record.

"The Court: Don't take up the time of the court re-offering something you have already offered.

"Mr. Files: I am offering it in connection with this witness' testimony now.

"The Court: Well, you are not offering it in a way that you can get it in and you know you are not.

"Mr. Files: I can offer it and I am offering it. You can exclude it if you don't want to let me put it in but I am offering it.

"The Court: Well, I am going to exclude it, that is if you are trying to offer the original and not actually producing a copy to be put in then I exclude it.

"Mr. Files: That is still my position and I think I am correct in it.

"The Court: Then it is excluded and don't you make any more offerings of this kind in this case. I won't allow it.

"Mr. Files: I except to the ruling of the court and I except to the statement of the court in connection with this matter.

"The Court: All right, I am glad for you to do it. Is that all?

"Mr. Files: That is all."

█ When plaintiffs offered the deeds with leave to substitute certified copies in putting his case on in chief, the objection of defendant that he did not have the original or certified copies in court was good, for the reason that the defendant was entitled to see what the document contained that was being offered. However, the court allowed the offerings on condition that they be tendered to defendant before the case was closed. Later, the court limited the condition to time before plaintiffs concluded their case. After defendant had closed his case, the original documents were offered with leave to substitute certified copies. The court refused to let the originals be filed, and ruled that they could be offered by reference, and plaintiffs be given three days in which to file certified copies. The court later withdrew this ruling and sustained the objection that the offerings were not in rebuttal.

The ruling of the trial court was at least harsh and contrary to the custom and practice in district courts of this state, in regard to offering documentary evidence of the kind offered by plaintiffs, and, under the original ruling of the court that plaintiffs could file this evidence at any time before the case was closed, we think plaintiffs were justified in making the offering at the stage of the trial that they did, and they should have been allowed, and a reasonable time fixed for the certified copies to be substituted for the originals. In the interest of justice, this should have been done. However, if all the offerings made by plaintiffs are not in the record now, it is due wholly to their fault, for, when the motion to reopen the case was filed, prior to judgment in the lower court, the trial judge tempered his harsh ruling, as is shown by the minutes of July 15, 1932, reading as follows: "Motion to reopen filed this day by plaintiffs, argued, submitted, and sustained to the extent that plaintiffs may insert in the record before the appeal is lodged all documentary evidence which the stenographer's record will show was offered on the trial; otherwise overruled."

There was no objection made to this ruling by the defendant, and the reason for the record not containing the documentary evidence complained of by plaintiffs is due solely to the failure of plaintiffs to have the certified copies made and placed therein.

█ Every litigant has the right to have the record made up and complete, and, when deprived of that right by the trial court, the case will be remanded, but, where the failure to have the record made complete is due to the laches of the litigant, he is without right to complain.

█ All of the documentary evidence offered by plaintiffs, as shown by the record, was the chain of title from the United States government to the plaintiffs. We might assume their record title to be perfect and it would avail them nothing, under defendant's plea of ten years prescription acquirendi causa, as is borne out by the facts in the record. The only document claimed by plaintiffs to in any way affect the plea of prescription is the document dated July 1, 1922, stated by plaintiff in their brief to be a correction deed from W. I. Williams to C. W. Wall, and that it would show defendant not to be in good faith. As to what this document contained, we do not know. The offering was made as follows: "I offer in evidence instrument of date July 1, 1922, with leave to substitute certified copy."

This offering was objected to as not being in rebuttal of anything proved by defendant, and the objection was sustained.

Plaintiffs excepted to the ruling of the court, but did not reserve a formal bill and attach the document to their bill. If they had, we could know what the instrument contained and whether it was in rebuttal of the good faith of defendant or not. Otherwise, we do not know what it contains and cannot say it was in rebuttal testimony. We cannot pass upon the admissibility of testimony unless the record discloses what the evidence is that was offered and rejected. However, this document could have been in the record if plaintiffs had wanted to put it in, under the final ruling of the lower court on the motion to reopen the case. We do not think plaintiffs at this time can successfully complain of their own laches.

We are convinced the judgment of the lower court is correct, and it is therefore affirmed.